Case: 1:22−mj−00185
Assigned To : Magistrate Judge Meriweather, Robin M.
Assign. Date : 8/16/2022
Description: Complaint w/ Arrest Warrant

## STATEMENT OF FACTS

On August 11, 2022, at approximately 2130 hours, Officer Vanriel with the Metropolitan Police Department ("MPD") was in full MPD uniform in MPD cruiser 5041. While traveling northbound in the 1900 block of Montana Avenue NE towards New York Avenue NE, he observed a white Audi traveling the wrong way in the roundabout at the intersection of Montana Avenue and New York Avenue, NE, before the vehicle made a left onto Montana Avenue (southbound). Officer Vanriel turned his cruiser around and engaged his emergency equipment to conduct a traffic stop. The vehicle drove slowly before making a right onto Bladensburg Road NE, where it stopped.

Officer Vanriel approached the driver side of the vehicle with a flashlight and tapped the driver's side front windshield. The driver partially rolled down the side windshield and Officer Vanriel was able to observe the driver (Suspect 1) and a front passenger (Suspect 2). While speaking with the driver, Officer Vanriel asked the driver to exit the vehicle, at which point the driver put the vehicle in drive and sped off southbound on Bladensburg Road, NE. While speeding off, the lights of the vehicle were turned off.

Officer Vanriel canvassed the area the vehicle was last seen going. A few minutes later, Officer Vanriel located the vehicle in the 1700 block of Holbrook Street NE with the driver's side door still open. A few houses down from where the vehicle was, Officer Vanriel saw both Suspect 1 and 2 walking away. Upon seeing Officer Vanriel's cruiser, both began to flee on foot in different directions. Officer Vanriel observed that Suspect 2 had an orange satchel in his hands as he began to flee northbound on Holbrook Street NE towards Mt Olivet Road NE.

Officer Vanriel pursued Suspect 2 on foot and never lost sight of him. Officer Vanriel grabbed Suspect 2 after Suspect 2 turned right onto Mt Olivet Road NE, at which point Suspect 2 tossed the satchel into the street. Officer Vanriel grabbed the satchel out of the street and immediately felt what he recognized as a firearm. Suspect 2 then attempted to flee again by pulling away from Officer Vanriel and by attempting to take off his shirt. Suspect 2 was subsequently detained.

Inside the orange satchel was a .357 caliber Polymer 80 Privately Made Firearm (PMF). The weapon was loaded with 1 round in the chamber and 15 rounds in the magazine. The magazine had a capacity of 15 rounds. The slide of the weapon had a serial number of GEX735.

Suspect 2 was subsequently identified by word of mouth as Tyrone Rosenborough, DOB: x/xx/xxxx. A search of his person revealed $794.00. Suspect 2 stated that he did not do anything and was just walking down the street.

At the Fifth District Station, officers conducted a full search of the satchel, which revealed in a small compartment that it contained 13 small zips of a white rock like substance (3.2 grams) and 3 large baggies with a white rock like substance (15 grams). The white rock like substance field-tested positive for the presence of cocaine base. The combination of the quantity of cocaine base, its packaging, and the large amount of US currency, indicates that Tyrone Rosenborough possessed these narcotics with the intent to distribute them and not for personal use.

Your affiant is aware that Tyrone Rosenborough was previously convicted of an offense punishable by imprisonment for a term exceeding one year, including in 2011-CF2-007407 (Unlawful Possession of a Firearm, Prior Conviction), 2006-CF2-018517 (Attempted Possession With Intent to Distribute Cocaine), and 00-cr-108 (Unlawful Possession of a Firearm by a Convicted Felon).  Tyrone Rosenborough was sentenced to over one year of incarceration for each of these convictions. Therefore, he would have been aware at the time of his arrest in this case that he had a prior conviction for a crime punishable by more than one year.

There are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the ammunition in this case would have traveled in interstate commerce prior to being recovered in the District of Columbia.

Based on the foregoing, your affiant submits that there is probable cause to believe that Tyrone Rosenborough violated 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C), which makes it a crime to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base, a Schedule II narcotic controlled substance.  Your affiant further submits that there is probable cause to believe that Tyrone Rosenborough violated 18 U.S.C. § 924(c)(1)(A)(i), which makes it a crime to use, carry, and possess a firearm during and in relation to a drug trafficking offense.

_____
OFFICER MARGODANE VANRIEL
Metropolitan Police Department

*Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 16th  day of August, 2022.*

_____
ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE